**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | |
|---|---|
| JAMES BEDREE, | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO. 1:09-CV-310 |
| THOMAS FELTS, | ) |
| Defendant. | ) |

OPINION AND ORDER

James Bedree, a *pro se* plaintiff, filed a complaint pursuant to 42 U.S.C. § 1983 on November 4, 2009 (DE #1). Bedree also filed a motion for leave to proceed *in forma pauperis* on November 4, 2009 (DE #2). For the reasons set forth below, Bedree's motion is **DENIED**, and the complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

BACKGROUND

James Bedree brought this action against Thomas Felts, a state court judge in Allen County Probate Court. He alleges that in 2004, Felts improperly enjoined him from making filings in that case. He also claims that Felts is unfit and should be removed from the bench. He claims that Felts violated his federal due process rights, and asks that this court dissolve the injunction issued by the judge and award him compensatory and punitive damages.

DISCUSSION

Ordinarily, a plaintiff must pay a statutory filing fee of

$350 to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed *in forma pauperis*, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such costs or give security therefor." 28 U.S.C. § 1915(a). Here, Bedree's filings reflect that he is presently unemployed and has no regular source of income. He reports that he has approximately $182 cash on hand. Bedree has sufficiently established that he is unable to prepay the filing fee.

The inquiry does not end there, however. The Court must also determine whether the complaint states a claim for relief. District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss the complaint if it fails to state a claim. Courts apply the same standard under § 1915(e)(2)(B) as

2

when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. ___, ___; 129 S. Ct. 1937, 1949 (2009).

Here, Bedree's allegations do not state a plausible claim for relief. As a general matter, this Court has no subject matter jurisdiction over probate disputes. *Marshall v. Marshall*, 547 U.S. 293, 308 (2006). Neither does this Court have jurisdiction to review or reverse the orders issued in the state court case. *See Lewis v. Anderson*, 308 F.3d 768, 771-72 (7th Cir. 2002) (observing that under the *Rooker-Feldman* doctrine "lower federal courts do not have jurisdiction to conduct direct review of state court decisions."). Furthermore, Bedree cannot sue a state court judge, because the judge is entitled to absolute immunity for judicial acts performed in matters within his jurisdiction. *See Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005). This is true even if Bedree believes the judge is incompetent or acted improperly. If a state judge errs, "a party's remedy is through appellate process," not through a suit against the judge. *Id.* at 661.

Assuming Bedree has raised some claim within this court's jurisdiction that survives judicial immunity, any such claim would

be barred by Indiana's two-year statute of limitations, which applies to causes of action brought in Indiana under 42 U.S.C. § 1983. *See Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). The actions Bedree complains of occurred in 2004, and this complaint was not filed until 2009, nearly three years late. Although the statute of limitations is an affirmative defense, dismissal on this ground is appropriate since it is obvious from the face of the complaint that the claim is time barred. *See Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674 (7th Cir. 2009). Accordingly, Bedree's allegations do not state a plausible claim for relief.

CONCLUSION

For the foregoing reasons, Bedree's motion for leave to proceed *in forma pauperis* (DE #2) is **DENIED**, and his complaint (DE #1) is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**DATED: November 16, 2009**  /s/ RUDY LOZANO, Judge
 **United States District Court**

4